1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STEPHEN and SUSAN JOHNSTON,                    CASE NO. 11-CV-0998-H (BLM)
     individuals and as husband and wife,
12                                                  **ORDER GRANTING MOTION**
                                    Plaintiffs,     **TO DISMISS WITH LEAVE TO**
13         vs.                                      **AMEND**

14   ALLY FINANCIAL INC, a Delaware
     Corp. authorized to do Business in
15   California, as Successor in Interest to
     GMAC and DOES 1-20 inclusive,
16
                                    Defendants.
17

18

19         On May 13, 2011, Defendant GMAC Mortgage, LLC (erroneously sued as ALLY

20   Financial Inc.) ("GMAC") filed a motion to dismiss Plaintiffs Stephen and Susan Johnston

21   ("Plaintiffs")'s complaint.  (Doc. No. 3.)  On July 15, 2011, the Court submitted the motion

22   on the papers and ordered Plaintiffs to file an opposition.  (Doc. No. 4.)  On  July 25, 2011,

23   Plaintiffs submitted a response to the motion to dismiss.  (Doc. No. 5.)  On July 26, 2011,

24   Defendant GMAC filed a reply.  (Doc. No. 6.)  After due consideration, the Court GRANTS

25   Defendants' motion to dismiss without prejudice.

26                              **Background**

27         On March 29, 2011, Plaintiff filed a complaint in the San Diego Superior Court against

28   GMAC alleging causes of action for (1) breach of contract; (2) fraud; (3) breach of fiduciary

duty; (4) negligence; and (5) violation of California Civil Code § 2923.6.  (Doc. No. 1, Compl.)  On May 6, 2011, GMAC removed the action to this Court on the basis of diversity jurisdiction.  (Id., Notice of Removal.)

The Court takes judicial notice under Federal Rule of Evidence 201, of the following public documents:  (1) A Deed of Trust recorded on May 1, 2006, as Document No. 2006-0304949, in the San Diego County Recorder's Office (Doc. No. 3-2, Request for Judicial Notice ("RJN") Ex. A); (2) A Deed of Trust and Request for Notice of Default recorded on May 1, 2006, as Document No. 2006-0304950, in the San Diego County Recorder's Office (Id. Ex. B); (3) A Notice of Default and Election To Sell Under Deed of Trust recorded on December 5, 2007, as Document No. 2007-0756630, in the San Diego County Recorder's Office (Id. Ex. C); (4) A Notice of Trustee's Sale recorded on February 26, 2008, as Document No. 2008-0097423, in the San Diego County Recorder's Office (Id. Ex. D); (5) A Notice of Trustee's Sale recorded on November 10, 2008, as Document No. 2008-0584701, in the San Diego County Recorder's Office (Id. Ex. E); (6) A Trustee's Deed Upon Sale recorded on December 4, 2008, as Document No. 2008-0620349, in the San Diego County Recorder's Office (Id. Ex. F); (7) A Complaint filed in San Diego Superior Court, Case No. 37-2009-00070692 on November 17, 2009 (Id. Ex. G); (8) A Notice of Entry of Order filed in San Diego Superior Court, Case No. 37-2009-00070692 on August 20, 2010 (Id. Ex. H); and (9) A Notice of Entry of Judgment filed in San Diego Superior Court, Case No. 37-2009-00070692 on August 20, 2010.  (Id. Ex. I.)

On April 26, 2006, Plaintiff borrowed $770,000.00 from American Broker Conduit and executed a Deed of Trust to real property commonly known as 2570 Victoria Drive, Alpine, California as security for the loan.  (Compl. ¶¶ 5-6; Doc. No. 3-2, RJN Ex. A.)  Plaintiffs allege that this Mortgage later came under the control of GMAC.  (Compl. ¶ 7.)  Plaintiffs also allege that their property was also financed through a second mortgage in the amount of $220,000. (Id. ¶ 10.)  On December 5, 2007, there was a Notice of Default, and on February 26, 2008 and November 10, 2008, there was a Notice of Trustee's Sale on Plaintiffs' property.  (Id. Exs. C-E.)  On December 4, 2008, Plaintiffs' property was sold at a trustee's sale to Citibank, N.A.

1  as the foreclosing beneficiary for $849,472.24.  (Id. Ex. F.)

2  **Discussion**

3  **I.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

4       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

5  the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729,

6  732 (9th Cir. 2001).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a

7  short and plain statement of the claim showing that the pleader is entitled to relief."  The

8  function of this pleading requirement is to "give the defendant fair notice of what the . . . claim

9  is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

10 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

11 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

12 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements

13 of a cause of action will not do."  Id.  A complaint does not "suffice if it tenders 'naked

14 assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

15 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a

16 right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright &

17 A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "All allegations

18 of material fact are taken as true and construed in the light most favorable to plaintiff.

19 However, conclusory allegations of law and unwarranted inferences are insufficient to defeat

20 a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136,

21 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

22 **II.  Plaintiff's Complaint**

23     **A.  Breach of Contract**

24      Plaintiffs allege that GMAC breached a contract modifying their deed of trust that the

25 parties entered into in or about the middle of 2009.  (Compl. ¶¶ 15-20.)  However, although

26 Plaintiffs allege that this contract was duly recorded, (Id. ¶ 16), Plaintiffs do not attach a copy

27 of the contract to the complaint or state the clauses of the contract that prohibit Defendant's

28 alleged actions.  GMAC argues that this fails to satisfy the pleading standard for breach of

1   contract claims based on a written contract.  (Doc. No. 3-1 at 5-6.)

2       To state a breach of contract claim under California law, a plaintiff must plead: (1) the

3   existence of a contract between the parties; (2) the plaintiff's performance or excuse for

4   nonperformance; (3) the defendant's failure to perform; and (4) resulting damages.  Harris v.

5   Rudin, Richman & Appel, 74 Cal. App. 4th 299, 307 (1999).  "If the action is based on an

6   alleged breach of a written contract, the terms must be set out verbatim in the body of the

7   complaint or a copy of the written instrument must be attached and incorporated by reference."

8   Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985); see also Saldate v. Wilshire

9   Credit Corp., 268 F.R.D. 87, 104 (E.D. Cal. 2010) ("'Where a party relies in his complaint

10  upon a contract in writing, and it affirmatively appears that all the terms of the contract are not

11  set forth in haec verba, nor stated in their legal effect, but that a portion which may be material

12  has been omitted, the complaint is insufficient.'").  Because Plaintiffs failed to provide the

13  Court with a copy of the alleged contract or set out verbatim what provisions of it were

14  breached, Plaintiffs have not satisfied the elements of their breach of contract claim.  See

15  Otworth, 166 Cal. App. 3d at 459; Saldate, 268 F.R.D. at 104.

16      GMAC also argues that if Plaintiffs are attempting to allege that they had an oral loan

17  modification contract, it would be invalid because it would not comply with the statute of

18  frauds.  (Doc. No. 3-1 at 6.)  The Court agrees with Defendant.

19      A contract coming within the statute of frauds is invalid unless it is memorialized by

20  a writing signed by the party to be charged.  Cal. Civ. Code § 1624.  An agreement for the sale

21  of real property or an interest in real property comes within the statute of frauds.  Id. §

22  1624(a)(3).  "A mortgage or deed of trust also comes within the statute of frauds."  Secrest v.

23  Security National Mortgage Loan Trust 2002-2, 167 Cal. App. 4th 544, 553 (Cal. Ct. App.

24  2008) (citing Cal. Civ. Code § 2922).  An agreement to modify a contract that is subject to the

25  statute of frauds is also subject to the statute of frauds.  Id.  Therefore, any agreement for a

26  modification of Plaintiffs' mortgage would be subject to the requirements of the statute of

27  frauds, id., and any oral contract attempting to modify it would be invalid.  See Cal. Civ. Code

28  § 1624.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' breach

of contract claim.

**B. Fraud**

Plaintiffs alleges that GMAC engaged in fraud by representing that Plaintiffs' loan was successfully modified. (Doc. No. 1, Compl. ¶¶ 27-33.) GMAC argues that Plaintiffs' fraud claim lacks the specificity required by Federal Rule of Civil Procedure 9(b). (Doc. No. 3-1 at 7-8.)

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1997).

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiffs have presented only conclusory allegations of fraud in their complaint. Plaintiffs have failed to allege any specific fraudulent statements that were made by GMAC, or provide the who, what, when, where, and how for any such statements. See Vess, 317 F.3d at 1106. These allegations fall well short of the pleading requirements of Rule 9(b). Because Plaintiffs' cause of action for fraud fails to meet the heightened pleading standards under Rule 9(b), the Court GRANTS Defendant's motion to dismiss Plaintiffs' fraud claim.

1    **C.  Negligence**

2        Plaintiffs allege a cause of action for negligence.  (Compl. ¶¶ 40-45.)  Plaintiffs allege

3    that GMAC acted negligently by breaching its duty of care to act in a reasonable and prudent

4    fashion to obtain a loan modification for them.  (Id. ¶¶ 41-42.)

5        "The elements of a cause of action for negligence are duty, breach, causation, and

6    damages."  Melton v. Boustred, 183 Cal. App. 4th 521, 529 (2010).  "Duty 'is an essential

7    element' of the tort of negligence."  Id.  The existence of a duty is an issue that the court can

8    decide as a matter of law on a motion to dismiss.  See, e.g., Software Design & Application

9    Ltd. v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472 (1996).

10        The Court concludes that GMAC owed no duty to Plaintiffs in relation to their loan.

11   "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

12   institution's involvement in the loan transaction does not exceed the scope of its conventional

13   role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.

14   3d 1089, 1096 (1991); see also Wagner v. Benson, 101 Cal. App. 3d 27, 34 (1980) ("Public

15   policy does not impose upon the Bank absolute liability for the hardships which may befall the

16   [borrower] it finances.")  In addition, loan modification is an activity that is "intimately tied

17   to Defendant's lending role."  Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902, at *7

18   (C.D. Cal. 2011).  The complaint only alleges that Plaintiffs attempted to enter into an arms-

19   length transaction with GMAC for a loan modification and does not contain any facts showing

20   special circumstances that would require imposing a duty on GMAC.  (Compl. ¶¶ 40-45.)

21   Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' negligence claim.

22   **D.  Breach of Fiduciary Duty**

23        Plaintiffs allege a cause of action for breach of fiduciary duty.  (Compl. ¶¶ 21-26.)  The

24   elements of a breach of fiduciary duty claim are (1) existence of a fiduciary relationship; (2)

25   breach of the fiduciary duty; and (3) damage proximately caused by that breach.  Roberts v.

26   Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).  However, lenders do not owe a fiduciary duty

27   to borrowers.  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096

28   (1991); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust

and there is not a fiduciary relation between debtor and creditor as such.  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.") (internal citation omitted); see also Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979-81 (1993).  GMAC was merely the servicer on Plaintiffs' loan.  (Doc. No. 3-1 at 7.) Because Defendant did not owe Plaintiffs a fiduciary duty, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim for breach of fiduciary duty.

### E.  Violations of Cal. Civil Code § 2923.6

Plaintiffs allege GMAC violated California Civil Code § 2923.6 by failing to negotiate a loan modification with them in good faith.  (Doc. No. 1, Compl. ¶¶ 34-39.)  GMAC argues that there is no private right of action under § 2923.6.  (Doc. No. 3-1 at 8.)  Defendant is correct.  Section 2923.6 does not require loan servicers to modify loans in good faith, and it does not create a private right of action for borrowers.  See Monet v. Countrywide Home Loans, 2011 U.S. Dist. LEXIS 37695, at *3 (N.D. Cal. 2011) (citing cases); Arreola v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 33493, at *4 (E.D. Cal. 2011) (citing cases); see also Mabry v. Sup. Ct., 185 Cal. App. 4th 208, 222 (2010) ("[S]ection 2923.6 . . . does not operate substantively.  Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms.").  Accordingly, the Court GRANTS Defendant's motion to dismiss this claim.

### F.  Res Judicata

GMAC argues that all of Plaintiffs' claims are barred by the doctrine of res judicata because they were raised in an earlier lawsuit, Johnston v. GMAC LLC, No. 37-2009-00070692-CU-BC-EC (Cal. Sup. Ct., filed Nov. 17, 2009).  (Doc. No. 3-1 at 3-5; Doc. No. 3-2, RJN Ex. G.)  Because the Court dismisses all of Plaintiffs' claims, the Court declines to address GMAC's res judicata argument.

///

///

///

///

1

**<u>Conclusion</u>**

2

  For the reasons above, the Court GRANTS Defendant's motion to dismiss the complaint

3

without prejudice.  The Court grants Plaintiffs 30 days from the date of this order to amend or

4

cure the deficiencies–if they can–in an amended complaint.

5

  **IT IS SO ORDERED.**

6

DATED: July 29, 2011

7

8

           MARILYN L. HUFF, District Judge
           UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28